UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GANDER MOUNTAIN COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>ACADEMY, LTD.,<br><br>    Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff, Gander Mountain Company ("Plaintiff"), for its Complaint against Defendant, Academy, Ltd. ("Defendant"), states as follows:

## INTRODUCTION

1. By this action, Plaintiff seeks a declaration that it has not infringed and does not infringe the following intellectual property rights of Defendant: (a) federal trademark Registration Nos. 1,911,968; 2,834,786; 3,305,400; and 3,338,039; and (b) any common law trademark rights Defendant may claim in marks containing the term "Academy."

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a Minnesota corporation with its principal place of business in Saint Paul, Minnesota.

3. Defendant is a Texas limited partnership with its principal place of business in Katy, Texas. Defendant is a sporting goods retailer that operates over 100 stores in the

Southeastern United States.  Defendant also sells sporting goods nationwide via its e-commerce website located at <www.academy.com>.

4. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.  There is an actual controversy between Plaintiff and Defendant with respect to whether Plaintiff has infringed Defendant's purported trademark rights or engaged in unfair competition because Defendant first called Plaintiff to state that Defendant would likely be sending Plaintiff a cease-and-desist letter and then followed up the call with a March 15, 2011, letter to Plaintiff asserting that Plaintiff's **GANDER MTN. ACADEMY** trademark infringes Defendant's federally registered and common law trademark rights.  Because of the extremely large investment in its **GANDER MTN. ACADEMY** trademark, an investment placed at risk by Defendant's charges and threats, Plaintiff seeks a declaratory judgment that it has not infringed any trademark rights of Defendant, and has not engaged in unfair competition.

5. Subject matter jurisdiction is based on 15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1332, and 1338; and 28 U.S.C. §§ 2201 and 2202.

6. This Court has personal jurisdiction over Defendant because Defendant has sold products into this district; because Defendant operates an e-commerce website which is readily accessible by persons residing in this district; and because Defendant has by telephone and letter sent communications into this District raising alleged infringement issues.

7.    Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this district and because Defendant conducts business in this District.

**GENERAL ALLEGATIONS**

8.    Plaintiff sells hunting, fishing, camping, marine and outdoor lifestyle products and services. Since 1960, Plaintiff has offered an expanding assortment of competitively priced outdoor equipment, technical apparel, rugged casual wear and footwear featuring national, regional, and specialty brands as well as Plaintiff's own brands.

9.    Plaintiff operates 116 retail locations in twenty-three (23) states. Plaintiff also sells products nationwide via its catalogs and its e-commerce websites <*www.gandermountain.com*> and <*www.gandermtn.com*>.

10.    Plaintiff's core house trademarks include the trademarks **GANDER MTN.** and the **Goose Medallion** design trademark, depicted in its true and accurate form below:



The **GANDER MTN.** trademark is federally registered for a variety of goods and services, including retail services in Class 35 (Registration No. 2,864,302). The **Goose Medallion** design trademark is federally registered for a variety of goods and services, including retail services in Class 35 (Registration No. 2,857,420).

11.    Plaintiff's core trade dress colors are maroon, hunter green, and black.

12. On February 8, 2011, Plaintiff opened the first **GANDER MTN. ACADEMY** training center inside its retail store in Lake Mary, Florida. The 20,000 square foot **GANDER MTN. ACADEMY** training facility is the first civilian center to offer highly skilled instructors, a variety of comprehensive courses, modern multi-media classrooms, a live-fire range, and exclusive virtual simulation technology previously available only to military and law enforcement agencies.

13. Customers may register for classes or schedule time for **GANDER MTN. ACADEMY** activities in person, by phone, or on the web at <*www.gandermountain.com*> and clicking on the link for "Gander Mtn. Academy."

14. Plaintiff is currently planning future **GANDER MTN. ACADEMY** training facilities in its stores in La Crosse, Wisconsin; Greensboro, North Carolina; and Roanoke, Virginia, with additional locations to be announced in the future.

15. In preparation for the opening of its training centers, Plaintiff filed the following federal trademark applications for the word mark **GANDER MTN. ACADEMY** on an intent-to-use basis pursuant to 15 U.S.C. § 1051(b): Ser. No. 85/083,545 (for gun safes in Class 6); Ser. No. 85/083,566 (for gun and ammunition cases in Class 13); Ser. No. 85/083,598 (for notepads, pens, pencils, and erasers in Class 16); Ser. No. 85/083,616 (for luggage in Class 18); Ser. No. 85/083,620 (for beverageware in Class 21); Ser. No. 85/083,632 (for clothing in Class 25); Ser. No. 85/083,637 (for firearm targets and action figures in Class 28); and Ser. No. 85/083,644 (for educational services in the fields of firearms, firearm operation and safety, and self

defense and for firing ranges in Class 41, and for providing online firearm safety and self defense information in Class 45).

16.   Also in preparation for the opening of its training centers, Plaintiff filed the following federal trademark applications for the **GANDER MTN. ACADEMY** logo trademark on an intent-to-use basis pursuant to 15 U.S.C. § 1051(b):  Ser. No. 85/162,043 (for gun safes in Class 6); Ser. No. 85/162,048 (for gun and ammunition cases in Class 13); Ser. No. 85/163,385 (for notepads, pens, pencils, and erasers in Class 16); Ser. No. 85/162,054 (for luggage in Class 18); Ser. No. 162,070 (for beverageware in Class 21); Ser. No. 85/162,091 (for clothing in Class 25); Ser. No. 85/162,098 (for firearm targets and action figures in Class 28); Ser. No. 85/162,106 (for educational services in the fields of firearms, firearm operation and safety, and self defense and for firing ranges in Class 41); and Ser. No. 85/162,118 (for providing online firearm safety and self defense information in Class 45).



17.   Currently, of the goods and services listed in the pending trademark applications identified in Paragraphs 15 and 16 above, Plaintiff has sold the following in commerce:  clothing and educational services in the fields of firearms, firearm operation and safety, and self defense; firing ranges; and providing online firearm safety and self

defense information.  The **GANDER MTN. ACADEMY** logo mark has been used in connection with clothing, beverageware, luggage, and other items.

18.     When the **GANDER MTN. ACADEMY** logo mark is displayed in color, it features Plaintiff's core trade dress colors maroon, hunter green, and black.

19.     On or about March 11, 2011, Robert Frennea, an Executive Vice President for Defendant, called Lawrence (Casey) Ramm, Plaintiff's Senior Vice President, Merchandising, based in Minnesota, to state that Defendant would likely be sending Plaintiff a letter requesting that it cease all use of the **GANDER MTN. ACADEMY** trademark.

20.     On March 15, 2011, counsel for Defendant forwarded via e-mail to Plaintiff's outside trademark counsel a letter asserting that Plaintiff's **GANDER MTN. ACADEMY** trademark infringes Defendant's federally registered and common law trademark rights.  A true and correct copy of this letter is attached as **Exhibit A**. Defendant's counsel cited the following four trademark registrations purportedly owned by Defendant:

    (a)     Registration No. 1,911,968 for the mark ACADEMY for retail sporting goods store services in Class 42;

    (b)     Registration No. 2,834,786 for the mark ACADEMY.COM for online retail sporting goods store services in Class 35, and for providing information on sports and outdoor activities via a global computer network in Class 41;

(c)     Registration No. 3,305,400 for the mark ACADEMY OUTDOORS for on-going television programs in the field of hunting and fishing in Class 41; and

(d)     Registration No. 3,338,039 for the mark ACADEMY SPORTS + OUTDOORS for retail and online retail sporting goods store services in Class 35 and for providing information on sports and outdoor activities via a global computer network and on-going television programs in the field of hunting and fishing in Class 41.

Defendant demanded that Plaintiff cease all use of the **GANDER MTN. ACADEMY** Trademark and that Plaintiff voluntarily abandon its pending applications to register the **GANDER MTN. ACADEMY** Trademark.  Defendant stated that it was prepared to enforce its rights through litigation if Plaintiff would not agree to Defendant's demands.

21.     In addition to the federal registrations cited in Defendant's letter, one of the common law trademarks to which Defendant apparently refers in its letter to Plaintiff is its corporate logo trademark, which appears as follows:



The primary colors used by Defendant appear to be red and blue.

22.     Plaintiff's counsel rejected Defendant's charge of infringement by letter to Defendant's counsel on March 18, 2011, on the grounds, among others, of:  (a) the descriptive nature of the term "Academy" in connection with Plaintiff's firearms training services; (b) the differences between the marks as they appear to consumers; (c) a number

of federally registered and common law trademarks containing the term "Academy" that Defendant has tolerated and with which Defendant is coexisting; and (d) the differences between Plaintiff's and Defendant's services and the manner in which Plaintiff offers its services.  A true and correct copy of this letter is attached as **Exhibit B**.

23.     The weakness of Defendant's claims is illustrated by multiple existing federal trademark registrations and pending applications containing the term "Academy" for firearms training or similar services, including:  **THE ACADEMY & Design** (Reg. No. 3,810,583), owned by The Academy Firing Range LLC of Palm Desert, California; **SHOOTRITE FIREARMS ACADEMY LLC** (Reg. No. 3,618,922), owned by Shootrite Firearms Academy of Langston, Alabama; **U.S. FIREARMS ACADEMY** (Ser No. 85/030,823), filed by U.S. Firearms Academy LLC of Reno, Nevada; and **U.S. FIREARMS ACADEMY HOME OF RENO GUNS & Design** (Ser. No. 85/030,784), filed by U.S. Firearms Academy LLC.

24.     There are also hundreds of common law uses of the term "Academy" for gun-related services, including:  **SIERRA FIREARMS ACADEMY**, located in Sparks, Nevada, with a website at <www.sierrafirearms.com>; **ACADEMY FOR FIREARMS TRAINING**, located in Grand Prairie, Texas, with a website at <chltraining.com>; **TACTICAL FIREARMS ACADEMY**, located in South Florida, with a website at <www.tacticalacademy.us>; and **U.S. SHOOTING ACADEMY**, located in Tulsa, Oklahoma, with a website at <www.usshootingacademy.com>.

25.     There are several federal trademark registrations containing the term "Academy" for instructional services in the general field of sports, including:  **UNITED**

**STATES SPORTS ACADEMY & Design** (Reg. No. 3,792,482), owned by United States Sports Academy a/k/a USSA Corporation of Daphne, Alabama; and **THE IMPACT SPORTS ACADEMY** (Reg. No. 3,800,665), owned by Abunassar Impact Basketball, LLC of Las Vegas, Nevada.

26. There are also hundreds of common law uses of the term "Academy" for instructional services in the general field of sports, including: **THE SPORTS ACADEMY**, located in Chesterfield, Michigan, with a website at <www.thesportsacademyonline.com>; **OZZIE SMITH'S SPORTS ACADEMY**, located in Chesterfield, Missouri, with a website at www.ozziesmithssportsacademy.com; and **SUWANEE SPORTS ACADEMY,** located in Suwanee, Georgia, with a website at www.suwaneesportsacademy.com.

## CLAIM FOR RELIEF

### Judgment of Non-Infringement of Defendant's Trademarks

27. Plaintiff restates and realleges paragraphs 1 through 26 as if fully set forth herein.

28. Plaintiff's use of the trademark **GANDER MTN. ACADEMY** in connection with its goods and services does not infringe any valid and enforceable trademark rights of Defendant and does not constitute unfair competition, and Plaintiff is entitled to judgment establishing those conclusions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in favor of Plaintiff and against Defendant as follows and for the following relief:

(a) A declaration that Plaintiff's use of the **GANDER MTN. ACADEMY** trademark does not infringe any trademark rights of Defendant, and does not constitute unfair competition;

(b) If the facts demonstrate that such relief is appropriate, Plaintiff may request that Defendant and its officers, agents, servants, employees and attorneys, and all others acting in concert or participation with it, be preliminarily and permanently enjoined from attempting to enforce any rights Defendant may claim to possess in marks containing the term "Academy" against Plaintiff or its vendors and customers;

(c) Awarding Plaintiff reasonable attorney fees, costs, expenses, and interest pursuant to 15 U.S.C. § 1117(a) and other applicable law; and

(d) Such other and further relief this Court deems just and appropriate.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury.

DORSEY & WHITNEY LLP

DATED: March 21, 2011.

By   s/ Peter M. Lancaster
Peter M. Lancaster (# 159840)
Elizabeth C. Buckingham (# 243152)
Jeffrey R. Cadwell (# 387340)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-8856

**ATTORNEYS FOR PLAINTIFF**